

ATTORNEYS
Robert E. Konchar   David W. Kubicek        Paul P. Morf              Matthew J. Hektoen      Graham R. Carl           COUNSEL                  RETIRED
Darrel A. Morf      Matthew J. Brandes      Philip A. Burian[1]       Paul D. Gamez           David J. Bright          Larry G. Gutz[2]         William A. Bergman
J. Scott Bogguss    Michael McDonough[6]    Christine L. Conover      Christopher J. Voci[3,5,8]  Rae M. Kinkead       Mark J. Herzberger       Stephen C. Nelson
James E. Shipman    James M. Peters         Thomas N. DeBoom          Dawn M. Gibson          Nicholas D.K. Petersen[7]  Mark H. Ogden          James R. Snyder
Stephen J. Holtman  Mark A. Roberts         Matthew J. Adam           Carrie L. Thompson      Jacob W. Nelson[2]                                Richard G. Hileman, Jr.
Philip D. Brooks    Chad M. VonKampen       Robert S. Hatala          Travis J. Schroeder     Gail Brashers-Krug       REGISTERED PATENT        David A. Hacker
Roger W. Stone      Gregory G. Williams     Amanda M. D'Amico Erickson  Chad D. Brakhahn[6]   Crystal R. Pound         ATTORNEYS                Iris E. Muchmore
Kevin J. Visser     Nicolas Abou-Assaly     Jacob R. Koller           Travis M. Cavanaugh     Jared F. Knight          Gregory G. Williams      James A. Gerk
Randal J. Scholer   Lynn W. Hartman         Brian J. Fagan            Erin R. Nathan[1]       Abram V. Carls[1,4]      Christopher J. Voci[3,5,8]
William S. Vernon   Kathleen A. Kleiman[1]  Kyle W. Wilcox[4]         Christopher K. Loftus[4]                         Carrie L. Thompson
Eric W. Lam         Thomas D. Wolle         Jeffrey A. Stone          Laura A. Jensen[1]

Voice Mail Ext: 213
Direct Dial 319-896-4013
Email Address: enathan@spmblaw.com
Website: www.spmblaw.com

July 7, 2017

VIA EMAIL ONLY - stanmunger@mrdlaw.net
Mr. Stanley E. Munger
Munger, Reinschmidt & Denne, LLP
600 4th Street, Suite 303
P.O. Box 912
Sioux City, IA  51102

     RE:    *Daniel Thomas v. Performance Contractors, Inc.*

Dear Mr. Munger,

I am in receipt of Plaintiff Daniel Thomas' Interrogatory Answers and Responses to Request for Production. This letter outlines issues with the answers and responses.

Interrogatory Answers:
In Answer to Interrogatory No. 3, Plaintiff states "Plaintiff will sign a release for you to get his income and benefits information."  However, Plaintiff did not sign the provided Release for Company Records sent with these Interrogatories on May 4, 2017, nor does Plaintiff provide any reason or outline any issue with the Release – which is an Iowa Bar Association form.  Please have Mr. Thomas sign the Release and return it by July 14, 2017, so that a full and complete deposition of Mr. Thomas may take place.

In Answer to Interrogatory No. 5, Plaintiff objects that the request to provide sources of income "calls for racial stereotyping, non-relevant information and information not reasonably calculated to lead to the discovery of relevant information."  This is a standard interrogatory used in employment discrimination cases.  In fact, information about claims for unemployment benefits, income and benefits are include as necessary information for a plaintiff to provide in the Federal Judicial Center's pilot project on discovery in employment discrimination cases.  If you are withholding information on the basis of this objection, please advise and provide an explanation for the basis of your objection. St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.,

www.SPMBLAW.com
■ 115 Third Street SE, Suite 1200, Cedar Rapids, Iowa 52401 ● Telephone (319) 366-7641 ● Fax (319) 366-1917
☐ City Center Square, 1150 Fifth Street, Suite 170, Coralville, Iowa 52241 ● Telephone (319) 354-1019 ● Fax (319) 354-1760

*Also licensed to practice in: 1 Illinois 2 Wisconsin 3 New York 4 Minnesota 5 Michigan 6 Nebraska 7 California 8 Pennsylvania*

Case 5:17-cv-04002-LRR   Document 24-3   Filed 01/23/18   Page 1 of 4

**EXHIBIT C**

198 F.R.D. 508, 511 (N.D. Iowa 2000). ("The party resisting production bears the burden of establishing lack of relevancy or undue burden.").

In Answer to Interrogatory No. 7 and the related Request for Production No. 30, Plaintiff objects on the basis of attorney-work product, but a privilege log is not provided as instructed at Definitions 9 and I.  *See also Liguria Foods, Inc. v. Griffith Laboratories, Inc.,* C 14-3041-MWB, 2017 WL 976626, at *8 (N.D. Iowa Mar. 13, 2017) ("Rule 26(b)(5) is also relevant, here, because it recognizes the propriety of asserting privileges in response to interrogatories or document requests, but it also requires more than bald assertions of privilege.").  Please provide a privilege log by July 14, 2017.

In Answer to Interrogatory No. 13, Plaintiff objects as to relevancy and breadth – claiming providing this information is "a security risk for identification theft" and that this would be an "invasion of Plaintiff's privacy rights."  Notably absent from the answer is Plaintiff's Facebook account user name/ URL to his profile.  Facebook only allows individuals to view information that the account holder allows.  There is simply no way for Plaintiff's privacy to be violated because he controls the terms of who is able to view his content.  *See* https://www.facebook.com/about/basics/manage-your-privacy.  Further, there is no reasonable basis that a person's identity can be stolen simply by providing a Facebook account user name /URL to profile.   Please supplement this Answer to include Plaintiff's Facebook account user name / URL to his Facebook profile.

In Answer to Interrogatory No. 15, no dates or times of the alleged conduct are stated.  Please supplement Plaintiff's Answer to include the dates and times of the alleged conduct.

In Answer to Interrogatory No. 21, Plaintiff objects to providing information about medical treatment, but then proceeds to provide his treating physician in 2015.  Is Plaintiff withholding information on the basis of the relevancy objection?

Response to Request for Documents:

In Response to Request No. 2 as with Answer to Interrogatory No. 5, please provide a privilege log as instructed at Definition I by July 14, 2017.

In Response to Request No. 4, Plaintiff objects as the question is "nonsensical."  It appears that Plaintiff's Response did not correctly transcribe the Request as stated and provided on May 4, 2017.  That Request states:

> 4.  Any and all written communications **by** Plaintiff about Defendant or its former or present employees from January 1, 2015 to the present including, but not limited to, any and all text messages, letters, notes, cards, emails, instant messages, social media (Facebook, Twitter, Linked In, Instagram, etc.).

Plaintiff's Response to Request No. 4 states the following Request:

> Request No. 4: Any and all written communications **between** Plaintiff about Defendant or its former or present employees from January 1, 2015 to the present including, but not limited to, any and all text messages, letters, notes, cards, emails, instant messages, social media (Facebook, Twitter, Linked In, Instagram, etc.).

It appears that there was a typing error and "by" was placed with "between." I hope that clarifies the request and Plaintiff will respond accordingly. If there is still confusion about the Request, I would appreciate if you contact me to clarify otherwise, please produce responsive communications.

In Response to Request No. 5, Plaintiff makes objections, but then states "he is not in possession of any such documents other than his complaints." Under Federal Rule of Civil Procedure Rule 32(b)(2)(C) "An objection must state whether any responsive materials are being withheld on the basis of that objection." It is unclear from Plaintiff's statement whether he means this to comply with Rule 32(b)(2)(C) or not. Please provide whether responsive materials are being withheld on the basis of the stated objections.

In Response to Request Nos. 6, 7 and 10, Plaintiff states that he does not have any text messages between himself and Performance Contractor employees or former employees relating to the matters alleged in the Complaint. Defendant has reason to believe this is not accurate and that Plaintiff engaged in text messaging about matters alleged in his Complaint and/or with employees or former employees of Performance Contractors. Please supplement these Responses or comply with Definition J and detail the destruction or loss of these messages.

With respect to Response No. 7, to the extent a privilege is claimed that should be included on the privilege log.

In Response to Request No. 20, Plaintiff states he does not believe he filed or owes taxes from 2010 to 2015. I do not understand what this means. Did Plaintiff file taxes from 2010 to 2015?

In Response to Request Nos. 22 and 23, Plaintiff objects to the Authorization to Provide Employment Records. Plaintiff provides no basis for the objection to the Authorization as required by the Rules. Further, no explanation is given as to why information about Plaintiff's past and current employment is not relevant to his employment discrimination claim. Information about past and current employment informs a claim that a defendant has a legitimate non-discriminatory reason for an adverse employment action and may inform damages calculations. *See, e.g., Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 558 (N.D. Iowa 2015) (former employer was entitled to discovery of employee's performance evaluations, disciplinary reports, payroll records, and benefits records from another company for which she had worked).

In Response to Request No. 38, Plaintiff objects that the request for telephone records is irrelevant and overly broad – again, without giving any supporting reason as to why the request is irrelevant and overly broad as required. *Liguria Foods, Inc. v. Griffith Laboratories, Inc.*, C 14-

3041-MWB, 2017 WL 976626, at *9 (N.D. Iowa Mar. 13, 2017) (In other words, "merely assert[ing] boilerplate objections that the discovery sought is vague, ambiguous, overbroad, unduly burdensome, etc.... without specifying how each [interrogatory or] request for production is deficient and without articulating the particular harm that would accrue if [the responding party] were required to respond to [the proponent's] discovery requests" simply is not enough."). Further, the records are relevant as Plaintiff has put his telephone communications at issue. Plaintiff has submitted five telephone recordings of individuals discussing matters alleged in his Complaint. Defendant is entitled to discover, for example, how frequently he spoke with these individuals, whether he spoke with other individuals or whether he may have had other conversations with these individuals, but chose not to record them.

In Response to Request No. 39, Plaintiff objects to the Authorization for Release of Medical Records – without any specific objections to the Authorization – an Iowa Bar Association form. Defendant is allowed to discover whether Plaintiff did in fact discuss his work environment with his physician as he is claiming emotional distress damages and that he suffered physical harm (car accident and hypertension) during his employment.

Finally, in the recording of the conversation between Plaintiff and Kenneth Thomas, Plaintiff states: "I know man. And it's like you know, man, bro, these people they fucked with me for a whole year, belittled me, was racists towards me, you know, Mr. Jordan, I'm waiting on, they're supposed to talk to Mr. Jordan. Okay. The email, they sent me an email, you know everything happens I get an email on." Please produce all e-mails to which Plaintiff is referring as they are likely response to Request Nos. 1, 2, 3, 4, 5, 8 and 10.

With respect to the recordings, Mr. Thomas should carefully consider each state's wiretapping laws as required consent differs by state.

I have provided the Authorizations with this letter, I expect that Mr. Thomas will sign and return both Authorizations by July 14, 2017.

Very truly yours,

SIMMONS PERRINE MOYER BERGMAN, PLC

*Erin R. Nathan*

Erin R. Nathan

ERN/bkm
Enclosures:
    Medical Records Release
    Employment Records Release